Adam J Schwartz (SBN 251831)
ADAM J SCHWARTZ, ATTORNEY AT LAW
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
E-service: adam@ajschwartzlaw.com
Phone: (323) 455-4016

*Attorney for Plaintiff Terry Fabricant and
the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>MAIN STREET HOST INC.,<br><br>        Defendant. | **Case No.**<br><br>**COMPLAINT FOR:**<br><br>  **1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)**<br><br>**Class Action**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Terry Fabricant ("Plaintiff"), by undersigned counsel, for this class

action complaint against Main Street Host Inc. and its present, former, or future

direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other

related entities ("Main Street" or "Defendant"), alleges as follows:

## I.    INTRODUCTION

1.      <u>Nature of Action</u>.  Plaintiff, individually and as class representative for all others similarly situated, brings this action against Main Street for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Main Street engaged in automated telemarketing in violation of the TCPA using pre-recorded messages that were sent to cellular telephones.

2.      Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II.    PARTIES

3.      Plaintiff Terry Fabricant is an individual residing in California, in this District.

4.      Defendant Main Street Host Inc. is a New York corporation. It has a registered agent of Ross Marranca and a principal place of business at 20 Crown Point in Williamsville, NY 14221.

5.      Main Street engages in telemarketing into this District, as it did with the Plaintiff.

### III.        JURISDICTION AND VENUE

6.      <u>Jurisdiction</u>.  This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically, 47 U.S.C. § 227.

7.      <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over Main Street because a substantial part of the wrongful acts alleged in this Complaint were committed in California.

8.      <u>Venue</u>.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

### IV.    THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

9.      In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides a private cause of action to

persons who receive calls in violation of Section 227(b)(1)(A). 47 U.S.C. §
227(b)(3).

11.     According to findings by the Federal Communication Commission
("FCC"), the agency Congress vested with authority to issue regulations
implementing the TCPA, such calls are prohibited because, as Congress found,
automated or prerecorded telephone calls are a greater nuisance and invasion of
privacy than live solicitation calls, and such calls can be costly and inconvenient.

12.     The FCC also recognized that "wireless customers are charged for
incoming calls whether they pay in advance or after the minutes are used." *In re
Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG
Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

13.     In 2013, the FCC required prior express written consent for all
autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers
and residential lines.  Specifically, it ordered:

> [A] consumer's written consent to receive telemarketing robocalls
> must be signed and be sufficient to show that the consumer:  (1)
> received "clear and conspicuous disclosure" of the consequences of
> providing the requested consent, i.e., that the consumer will receive
> future calls that deliver prerecorded messages by or on behalf of a
> specific seller; and (2) having received this information, agrees
> unambiguously to receive such calls at a telephone number the
> consumer designates. In addition, the written agreement must be
> obtained "without requiring, directly or indirectly, that the agreement
> be executed as a condition of purchasing any good or service."

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote omitted).

## V.        FACTUAL ALLEGATIONS

14.     Main Street offers digital marketing services to businesses.

15.     One of Main Street's strategies for marketing its payment services and generating new customers is telemarketing.

16.     Main Street's telemarketing includes the use of pre-recorded messages to generate new business.

17.     Recipients of these calls, including Plaintiff, did not consent to receive such telephone calls.

18.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**Calls to Plaintiff Fabricant**

19.     Plaintiff Fabricant's telephone number, (818)-352-XXXX, is registered to a cellular telephone service.

20.     On August 28, 2020, the Plaintiff received a pre-recorded call from the Defendant.

21.     The recorded message offered a service where a business's website would be analyzed.

22.     This is a service provided by the Defendant.

23.   The Plaintiff "pressed 1" in response to the recording to attempt to conclusively identify the calling party.

24.   Mr. Fabricant then spoke with Taylor Morgan, an employee of the Defendant.

25.   Confirming their conversation, Mr. Morgan sent Mr. Fabricant an e-mail from tmorgan@mainstreethost.com.

26.   During the call Mr. Morgan offered Mr. Fabricant the services of the Defendant to solicit a sale.

27.   The Plaintiff did not provide his prior express written consent to Main Street to receive the calls.

28.   Plaintiff and all members of the Class, defined below, have been harmed by the acts of Main Street because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls.  The calls occupied their cellular telephone lines, rendering them unavailable for legitimate communication.

## VI.        CLASS ACTION ALLEGATIONS

29.   Class Definition.  Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of Class (the "Class") defined as follows:

All persons to whom:  (a) Main Street and/or a third party acting on Main Street's behalf made one or more non-emergency telephone calls; (b) to their cellular telephone numbers; (c) through the use of an artificial or prerecorded voice; (d) at any time in the last four years through the date of trial.

30.     <u>Numerosity</u>.  The Class is so numerous that joinder of all its members is impracticable.  On information and belief and on the basis of Main Street's *en masse* calling practices, the Class has at least hundreds of members.

31.     <u>Commonality</u>.  There are numerous questions of law and fact common to Plaintiff and members of the Class.  These common questions of law and fact include, but are not limited to, the following:

a.     Whether Main Street used a prerecorded voice:

b.     Whether Main Street purchased batches of leads of prospects who had not consented to be called by it;

c.     Whether Main Street and/or its affiliates or agents, and/or other persons or entities acting on Main Street's behalf, knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS and/or artificial or prerecorded voice, thus entitling Plaintiff and the Class to treble damages;

d.     Whether Main Street and/or its affiliates, agents, and/or other persons or entities acting on Main Street's behalf should be enjoined from violating the TCPA in the future.

32.     <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims and those of the Class arise out of the same course of conduct by Main Street and are based on the same legal and remedial theories.

33.     <u>Adequacy</u>.  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained competent and capable counsel with experience in TCPA and consumer class action litigation.  Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiff nor his counsel has interests contrary to or conflicting with those of the proposed Class.

34.     <u>Predominance</u>. Main Street has engaged in a common course of conduct toward Plaintiff and members of the Class.  The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.  For example, the TCPA's statutory damages obviate the need for mini-trials on actual damages. Adjudication of these common issues in a single action has important and desirable advantages, including judicial economy.

35.     <u>Superiority</u>.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Main Street to comply with the TCPA.  The interest of individual members of the Class in individually controlling the prosecution of separate claims against Main Street is small because the damages in an individual action for violation of the

TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the calls at issue are all automated and because the TCPA articulates bright-line standards for liability and damages.

36. <u>Injunctive and Declaratory Relief is Appropriate</u>. Main Street has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis.

## VII. FIRST CLAIM FOR RELIEF
### (Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A))

37. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

38. The foregoing acts and omissions of Main Street and/or its affiliates or agents, and/or other persons or entities acting on Main Street's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency calls to the cellular telephone numbers of Plaintiff and members of the Class using an artificial or prerecorded voice.

39. As a result of violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by Main Street and/or its affiliates or agents and/or other persons or entities acting on its behalf, Plaintiff and members of the Class are entitled to an award of $500 in

damages for each and every call made to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

40.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Main Street, its affiliates and agents, and/or any other persons or entities acting on its behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice.

41.     As a result of knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by Main Street, its affiliates or agents, and/or other persons or entities acting on its behalf, Plaintiff and members of the Class are entitled to treble damages of up to $1,500 for each and every call made to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

## VIII.          PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of all members of the Class, prays for judgment against Main Street as follows:

A.     Certification of the proposed Class;

B.     Appointment of Plaintiff as representative of the Class;

C.    Appointment of the undersigned counsel as counsel for the Class;

D.    A declaration that actions complained of herein by Main Street and/or its affiliates, agents, or related entities violate the TCPA;

E.    An order enjoining Main Street and its affiliates, agents and related entities from using pre-recorded messages to call cellular telephones, absent emergency circumstances;

F.    Leave to amend this Complaint to conform to the evidence presented at trial; and

G.    Orders granting such other and further relief as the Court deems necessary, just and proper.

## IX.    DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

Respectfully Submitted,

Dated: October 23, 2020          ADAM J SCHWARTZ, ATTORNEY AT LAW

By: _____

Adam J Schwartz (SBN 251831)

Anthony Paronich (*subject to pro hac vice*)
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
E-service: anthony@paronichlaw.com

*Attorneys for Plaintiff and Proposed Class*